IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

JOHN PERIARD                                                                                          PLAINTIFF
6300 Camden Court
Crestwood, Kentucky 40014

                                                    Case No.  3:15-CV-803-DJH

v.

                                                     Judge

OCWEN LOAN SERVICING, LLC                                                                DEFENDANTS
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409

        SERVE:      Corporation Service Company
                           421 West Main Street
                           Frankfort, Kentucky 40601
                           (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

        SERVE:      CT Corporation System
                           306 West Main Street, Suite 512
                           Frankfort, Kentucky 40601
                           (BY CERTIFIED MAIL)

                                                   ** ** ** **

<u>**VERIFIED COMPLAINT**</u>

Comes the Plaintiff, John Periard, by counsel, and for his Verified Complaint against the Defendants, Ocwen Loan Servicing, LLC ("Ocwen") and Experian Information Solutions, Inc. ("Experian"), states as follows:

**I. <u>PRELIMINARY STATEMENT</u>**

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 <u>et seq.</u>, and the Truth in Lending Act, 15 U.S.C. §1601 <u>et seq.</u> ("TILA") arising out of Ocwen's false reporting to Experian of an alleged delinquent debt of the Plaintiff, and Experian's failure to correct Ocwen's false reporting on Plaintiff's credit report.

**II. <u>PARTIES</u>**

2. Plaintiff, John Periard, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 6300 Camden Court, Crestwood, Kentucky 40014.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Plaintiff is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666

5. Defendant, Ocwen, is a Florida limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 1661 Worthington Road, West Palm Beach, Florida 33409.

6. Ocwen is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7. Ocwen is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

8. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

9. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

11. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the TILA, 15 U.S.C. §1640(e); (3) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Oldham County, Kentucky as a result of the Defendants doing business in Oldham County, Kentucky.

### IV. FACTUAL BACKGROUND

12. In or around 2006, Plaintiff opened a mortgage financing account with Ocwen.

13. In or around July 2015, Plaintiff, who was in the process of attempting to refinance his mortgage, accessed his Experian, Equifax and Trans Union credit reports and discovered a derogatory tradeline furnished by Ocwen referencing the Ocwen mortgage account.

14. Immediately upon discovery of the Ocwen tradeline, Plaintiff filed disputes with Experian, Equifax and Trans Union regarding the Ocwen tradeline.

15. Upon information and belief, Experian, Equifax, and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Ocwen of the dispute at or within five (5) days of the credit bureaus' receiving notice of the dispute from Plaintiff.

16. In or around August 2015, Equifax and Trans Union deleted the account and Experian notified Plaintiff that it would delete the Ocwen tradeline.

17. Plaintiff accessed his Experian credit report again in late September 2015 and

discovered that, despite Experian's promise to delete the Ocwen tradeline, the Ocwen tradeline was still reporting as a derogatory item on Plaintiff's Experian credit report.

18. Despite Plaintiff's lawful requests for removal of the disputed item pursuant to the FCRA, Ocwen and Experian failed to remove the disputed item from Plaintiff's Experian credit report. Upon information and belief, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute.

19. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the Ocwen account.

## V. CLAIMS

### Negligence - Ocwen

20. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Ocwen's false reporting to Experian regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, Ocwen breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

22. Ocwen's false reporting to Experian regarding the alleged delinquent debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Ocwen's false reporting to Experian regarding the alleged delinquent debt of the Plaintiff was willful and wanton entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

23.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.     Experian's failure to remove Ocwen's false report of Plaintiff's alleged delinquency from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.  In failing to remove Ocwen's false report of Plaintiff's alleged delinquency, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

25.     Experian's negligent failure to remove Ocwen's false report of Plaintiff's alleged debt from Plaintiff's Experian credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

26.     Experian's failure to remove Ocwen's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Ocwen

27.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.     Ocwen, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Experian regarding the Ocwen account.  Ocwen's statements were made with conscious disregard for the rights of the Plaintiff.

29.     Ocwen's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff,

entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Experian, with knowledge of the falsity of its statements, has published and continues to publish false statements to others, including, but not limited to Ocwen, and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, regarding the Ocwen account. In publishing such statements, Experian acted with conscious disregard for the rights of the Plaintiff.

32. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Ocwen

33. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Ocwen's false reporting to Experian of Plaintiff's alleged delinquency is a violation of Ocwen's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

35. Ocwen's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Ocwen is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

36. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 35 as if fully set forth herein.

37. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

38. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

39. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Ocwen**

40. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41. Ocwen's false reporting to Experian of Plaintiff's alleged delinquency, despite Ocwen's knowledge of the falsity of its reporting, is a willful violation of Ocwen's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

42. Given Ocwen's knowledge of the falsity of its reporting, Ocwen's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Ocwen is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

7

### Willful Violation of the Fair Credit Reporting Act – Experian

43. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

45. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

46. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Violation of the Truth in Lending Act – Ocwen

47. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48. Ocwen's initial and continuing false reporting to Experian of Plaintiff's alleged Ocwen account is a violation of Ocwen's duties as a creditor pursuant to the TILA, 15 U.S.C. §1666a.

49. Ocwen's violations of the TILA entitle Plaintiff to statutory damages, actual damages and attorneys' fees pursuant to 15 U.S.C. §1640.

WHEREFORE, Plaintiff, John Periard, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

        Respectfully submitted,

        */David W. Hemminger*
        David W. Hemminger
        HEMMINGER LAW OFFICE, PSC
        616 South Fifth Street
        Louisville, KY  40202
        (502) 443-1060
        hemmingerlawoffice@gmail.com
        *Counsel for Plaintiff*

## VERIFICATION

I, John Periard, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
John Periard

COMMONWEALTH OF KENTUCKY   )
                           ) SS
COUNTY OF OLDHAM           )

Subscribed, sworn to and acknowledged before me by John Periard this \_\_\_ day of _____, 2015.

_____
Notary Public

Commission expires:_____